## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FABIAN GREYER,** | ) | |
| **#R09438,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-CV-1133-NJR** |
| | ) | |
| **IDOC,** | ) | |
| **GRAHAM CC,** | ) | |
| **PINCKNEYVILLE CC,** | ) | |
| **JOHN/JANE DOE 1,** | ) | |
| **C/O BUSBY,** | ) | |
| **JOHN/JANE DOE 2,** | ) | |
| **JOHN/JANE DOE 3,** | ) | |
| **L. MILLER,** | ) | |
| **LT. SAME,** | ) | |
| **SANDY BELLEGANTE,** | ) | |
| **C/O BADMAN,** | ) | |
| **LT. GIBSON,** | ) | |
| **C/O WRIGHT,** | ) | |
| **LT. PICHEREL** | ) | |
| **WARDEN,** | ) | |
| **JOHN/JANE DOE 4,** | ) | |
| **WARDEN,** | ) | |
| **C/O MENENDEZ,** | ) | |
| **JOHN/JANE DOE 5** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Fabian Greyer, an inmate of the Illinois Department of Corrections ("IDOC")

currently housed at Dixon Correctional Center ("Dixon"), filed this *pro se* action directing claims

against officials at two different Illinois prisons:  (1) Graham Correctional Center ("Graham")

and (2) Pinckneyville Correctional Center ("Pinckneyville").[1]

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The Court also must consider whether misjoinder is an issue. The Court retains authority to sever unrelated claims against different defendants into one or more additional lawsuits for which Plaintiff will be assessed a filing fee. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. The Seventh Circuit strongly encourages district courts to use severance when faced with an omnibus or scattershot complaint, *Owens v. Evans*, -- F.3d --, 2017 WL 6728884, *1 (7th Cir. Dec. 28, 2017), and discourages courts from allowing a prisoner "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In a misjoinder situation, severance may occur before preliminary review, allowing the district court to create multiple suits, which can then be separately screened. *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).

---

[1] Screening of this action was delayed due to several problems with Plaintiff's *pauperis* filings (*see* Docs. 6, 9, 12); those filings were not complete until January 26, 2018 (*see* Docs. 10, 13). Plaintiff's Motion to Proceed *in Forma Pauperis* was granted on February 2, 2018 (*see* Doc. 14).

## THE COMPLAINT

### Overview

Plaintiff is a paranoid schizophrenic and is presently incarcerated at Dixon. (Doc. 1, p. 10). Plaintiff's claims relate to his prior incarceration (between 2016 and 2017) at Graham and Pinckneyville. Many of Plaintiff's claims involve the treatment he received (or failed to receive) for his psychiatric condition. According to the Complaint, when Plaintiff was sentenced, the judge ordered officials to provide Plaintiff with mental health treatment while in custody. (Doc. 1, p. 8). Plaintiff claims officials at Graham and Pinckneyville ignored that directive, exhibited deliberate indifference to his mental health needs, and repeatedly ignored his requests for mental health treatment. (Doc. 1, pp. 5, 8-9, 11). Plaintiff also alleges that he has been the victim of excessive force, harassment, retaliation, and racial discrimination. (Doc. 1, pp. 4-13).

Notably, at the time of filing, Plaintiff was frustrated because officials had not answered his request to be transferred to Dixon – a facility where Plaintiff believed he would receive appropriate mental health treatment.[2] On October 30, 2017, however, Plaintiff filed a Notice of Change of Address stating that he has been transferred to Dixon. (Doc. 5).

### Graham Correctional Center

#### *Harassment*

Plaintiff generally alleges that he was "always harassed and treated unfair by all staff members of Graham" because he had been filing grievances. (Doc. 1, p. 5). Plaintiff describes several incidents involving what he describes as harassment. (Doc. 1, p. 13). However, the Complaint does not allege that the specifically described incidents were motivated by retaliatory animus.

---

[2] According to the Complaint, Plaintiff "requested to be transferred back to Dixon Correctional Center where he could be treated properly for his mental illness." (Doc. 1, p. 6). At the time of filing, officials had not responded to this request. *Id.*

The first incident occurred on May 17, 2016, when Plaintiff was issued a clothing pass and requested a new jacket. (Doc. 1, pp. 4, 13). According to the Complaint, John/Jane Doe 1 (Unknown Clothing Officer, Graham CC), who seemed very upset, refused to give Plaintiff a new jacket because it was summer. *Id.* As a result, Plaintiff was forced to walk in the rain without a jacket. *Id.*

The second incident occurred on August 10, 2016, when Correctional Officer Busby stopped Plaintiff from filling his tortilla bag with ice. (Doc. 1, pp. 5, 13). Officer Busby indicated Plaintiff had enough ice. *Id.* However, Officer Busby allowed other inmates to take additional ice. *Id.*

The third incident occurred on November 29, 2016, when Correctional Officer Miller wrote Plaintiff a disciplinary ticket for talking. (Doc. 1, pp. 5, 13). Plaintiff told Miller he was mentally ill and did not realize he had been talking. *Id.* He further explained that he was hearing voices and sometimes answered the voices without realizing he was talking. *Id.* Plaintiff also objected because other inmates did not receive disciplinary tickets for talking. (Doc. 1, p. 6).

The fourth incident occurred on December 2, 2016, when Lieutenant Same wrote Plaintiff a ticket for yelling. *Id.* Plaintiff explained that he was mentally ill and was only yelling at the voices in his head. *Id.* At the time of this incident, Plaintiff was not receiving mental health treatment. *Id.*

### *Mental Health Treatment*

Despite repeated requests for mental health treatment, Plaintiff did not receive necessary treatment. (Doc. 1, pp. 10-11). Plaintiff requested his psychiatric medication on two occasions in 2016, but was ignored. (Doc. 1, p. 5). For a period of time beginning on November 23, 2016, Plaintiff was not allowed to return to his housing unit because he had been hearing voices. *Id.*

These claims appear to be associated with John/Jane Doe 3 (Unknown Mental Health Staff, Graham CC), IDOC, and/or Graham Correctional Center. (Doc. 1, pp. 6, 8-11).

***Excessive Force and Related Harassment***

Plaintiff claims he was assaulted on March 3, 2017. (Doc. 1, pp. 7, 12). According to the Complaint, the assault was initiated by correctional officers Wright and Badman. *Id.* Badman allegedly lunged at Plaintiff's chest with his shoulder and, using his forearm, pushed Plaintiff in the back. *Id.* Lt. Gibson then approached Plaintiff and said, "You better cuff up nigga."[3] *Id.* Plaintiff complied. *Id.* At that point, Lt. Gibson dragged Plaintiff out of the housing unit backwards. *Id.* Plaintiff could not walk backwards and, as a result, was dragged by Lt. Gibson. *Id.* Plaintiff lost his balance and fell to the ground. *Id.* He begged Lt. Gibson to allow him to walk forward. *Id.* Lt. Gibson responded saying, "Fuck you. You assaulted an officer." *Id.* Lt. Gibson then ordered other officers to bring a cart used to move personal property and directed them to transport Plaintiff to segregation using the cart. *Id.* The officers slammed Plaintiff, who was still restrained, onto the cart. (Doc. 1, p. 8). After that, "all sorts of things was being done to hurt [Plaintiff] physically." *Id.*

After the alleged assault, Plaintiff was placed on suicide watch. *Id.* While Plaintiff was on suicide watch, Lt. Picherel dressed Plaintiff in a smock, joking that it looked like a dress. *Id.* Plaintiff contends that Lt. Picherel did this to humiliate him. *Id.*

## Pinckneyville Correctional Center

***Mental Health Treatment***

According to the Complaint, when Plaintiff was housed at Pinckneyville, he did not receive appropriate mental health treatment. (Doc. 1, p. 11). For unknown reasons, officials

---

[3] Plaintiff claims that this statement amounts to racial discrimination. (Doc. 1, p. 12).

stopped giving Plaintiff his Prolixin[4] shots. (Doc. 1, p. 8). On September 17, 2017, Plaintiff wrote a grievance complaining that he was not receiving proper mental health treatment. (Doc. 1, p. 8). The claims pertaining to Plaintiff's mental health treatment appear to be associated with John/Jane Doe 4 (Mental Health Staff, Pinckneyville CC), Pinckneyville Correctional Center, and/or IDOC (Doc. 1, pp. 8-11).

***Shower Incident***

On September 23, 2017, an unidentified correctional officer did not allow Plaintiff to shower. (Doc. 1, p. 9). Plaintiff asked a correctional officer[5] to speak with a lieutenant, but his request was denied. *Id.*

***Correctional Officer Menendez***

On September 28, 2017, Plaintiff did not receive his dinner tray. (Doc. 1, p. 9). When he asked why, Correctional Officer Menendez said it was because he did not like Plaintiff. *Id.*

***Mishandled Grievance***

Plaintiff has grieved these issues, but has not received a response. *Id.* Plaintiff personally delivered one grievance to John/Jane Doe 5 (Unknown Counselor of Pinckneyville CC of 6-House), but the grievance was never returned. *Id.*

**DISMISSAL OF IMPROPER DEFENDANTS**

***IDOC, Graham Correctional Center, and Pinckneyville Correctional Center***

Plaintiff's claims against IDOC are barred because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Defendants Graham Correctional Center and Pinckneyville Correctional Center are divisions of a state agency (IDOC). Accordingly, claims against these entities are also barred.

---

[4] Prolixin is a medication used in the treatment of schizophrenia.
[5] The name of this individual is illegible, but appears to begin with the letter d. This individual does not appear to be a defendant in this case.

IDOC, Graham Correctional Center, and Pinckneyville Correctional Center shall be dismissed from this action with prejudice.

### Mental Health Staff

Plaintiff has named John/Jane Doe 3 (Unknown Mental Health Staff, Graham CC) and John/Jane Doe 4 (Mental Health Staff, Pinckneyville CC) as defendants. This is not sufficient. Plaintiff must identify a particular individual (not block groups of individuals) who deprived Plaintiff of his constitutional rights. That is because plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).[6]

Accordingly, John/Jane Doe 3 (Unknown Mental Health Staff, Graham CC) and John/Jane Doe 4 (Mental Health Staff, Pinckneyville CC) shall be dismissed from this action with prejudice.

### Wardens at Pinckneyville and Graham

Plaintiff may pursue individual capacity claims against the wardens of Pinckneyville and Graham, if they were personally involved in violating Plaintiff's constitutional rights. Plaintiff has not alleged, however, that either individual was personally involved in the allegedly unconstitutional conduct (in fact these individuals are not even referenced in the body of the

---

[6] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

Complaint). *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Additionally, these individuals are not subject to liability merely because they hold a supervisory position. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Accordingly, both Warden Defendants shall be dismissed from the action without prejudice.

**Sandy Bellegante and John/Jane Doe 2**
**(Unknown Mental Health Psych[iatrist], Graham CC)**

The caption in this case names these individuals as defendants. With the exception of their job descriptions, however, no mention of these individuals is made in the body of the Complaint. This is insufficient. *See Potter*, 497 F.2d at 1207.

Accordingly, Sandy Bellegante and John/Jane Doe 2 (Unknown Mental Health Psych[iatrist], Graham CC) shall be dismissed from the action without prejudice.

### DISMISSAL OF CLAIMS DIRECTED AGAINST NON-PARTIES

Plaintiff alleges that a correctional officer at Pinckneyville denied him a shower on one occasion. This individual is not identified as a defendant in the case caption. Accordingly, any claims Plaintiff intended to bring against this individual are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

### DESIGNATION OF COUNTS

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

**Count 1:**     Eighth Amendment claim against John/Jane Doe 1 (Unknown Clothing Officer, Graham CC) for harassing Plaintiff by refusing to give him a new jacket on May 17, 2016.

**Count 2:**     Eighth Amendment claim against Busby for harassing Plaintiff by refusing to let him fill his tortilla bag with ice on August 10, 2016.

**Count 3:**     Eighth Amendment claim against Miller for harassing Plaintiff by writing him a disciplinary ticket on November 29, 2016.

**Count 4:**     Eighth Amendment claim against Same for harassing Plaintiff by writing him a disciplinary ticket on December 2, 2016.

**Count 5:**     Eighth Amendment claim against Unknown Party for exhibiting deliberate indifference to Plaintiff's mental health needs when Plaintiff was incarcerated at Graham.

**Count 6:**     Eighth Amendment excessive force claim against Wright, Badman, and Gibson for assaulting Plaintiff on March 3, 2017.

**Count 7:**     Fourteenth Amendment equal protection/discrimination claim against Gibson for calling Plaintiff a racially derogatory name, while assaulting Plaintiff on March 3, 2017.

**Count 8:**     Eighth Amendment claim against Picherel for harassing Plaintiff by dressing him in a smock and joking that it looked like a dress.

**Count 9:**     Eighth Amendment claim against Unknown Party for exhibiting deliberate indifference to Plaintiff's mental health needs when Plaintiff was incarcerated at Pinckneyville.

**Count 10:**     Eighth Amendment claim against Menendez for denying Plaintiff a dinner tray on September 28, 2017.

**Count 11:**     Fourteenth Amendment due process claim against John/Jane Doe 5 (Unknown counselor of Pinckneyville CC of 6-House) for mishandling Plaintiff's grievance.

<u>SEVERANCE</u>

At the outset, the Court notes that (1) the deliberate indifference claims relating to Count 5 were directed at John/Jane Doe 3 (Unknown Mental Health Staff, Graham CC), Graham Correctional Center, and/or IDOC and (2) the deliberate indifference claims relating to Count 9 were directed at John/Jane Doe 4 (Mental Health Staff, Pinckneyville CC), Pinckneyville Correctional Center, and/or IDOC. For reasons discussed herein, these Defendants are not amenable to suit and have been dismissed from this action with prejudice. Because of this, Counts 5 and 9 have "Unknown Party" listed as the defendant. This substitution is made for administrative purposes only.[7] When these claims are screened, the reviewing judge may grant Plaintiff leave to amend his complaint so that he may name the proper defendant or defendants with respect to Counts 5 and 9.

That being said, Plaintiff's constitutional claims can generally be divided into two distinct groups: (1) the claims that arose during Plaintiff's incarceration at Graham (Counts 1 through 8), and (2) the claims that arose during Plaintiff's incarceration at Pinckneyville (Counts 9 through 11). These claims are not transactionally related and involve different defendants.[8] Accordingly, they do not belong together in a single action. Therefore, the Court will exercise its discretion and sever unrelated claims against different defendants into separate cases. *George,* 507 F.3d at 607.

---

[7] This is particularly important with respect to Count 5, which is being severed into a new action; the Clerk of the Court cannot open a new action in the Case Management/Electronic Case Filing ("CM/ECF") system without naming a defendant.

[8] Federal Rule of Civil Procedure 20 does not allow Plaintiff to include separate claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim for relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007). Although Federal Rule of Civil Procedure 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only *after* the plaintiff has satisfied Rule 20's requirements for joinder of parties. *Intercon Research Assn., Ltd. v. Dresser Ind., Inc*., 696 F.2d 53, 57 (7th Cir.1983) (quoting 7 Charles Alan Wright, Federal Practice & Procedure). This means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18.

Counts 9-11 shall remain in this case, and the merits of these claims shall be reviewed in this order. Counts 1-8 shall be severed into a separate action. This separate action, for Counts 1-8, will have a newly assigned case number and shall be assessed a filing fee. The severed case shall undergo preliminary review pursuant to § 1915A after the new case number and judge assignment has been made. The severed case may also be subject to further severance if the reviewing judge determines that the claims are not properly joined in a single action.

### MERITS REVIEW UNDER § 1915(A) – COUNTS 9 THROUGH 11

*Count 9*

Count 9 shall be dismissed for failure to state a claim upon which relief may be granted. The primary problem with the claim is that Plaintiff did not name a suable defendant in connection with it. In order to state a claim under § 1983, a plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. 42 U.S.C. § 1983. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993); *Patrick v. Jasper Cnty.*, 901 F.2d 561, 565 (7th Cir. 1990). A government official may not be held liable under § 1983 on a theory of respondeat superior, based on a subordinate's unconstitutional conduct. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). Liability requires personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

In other words, Plaintiff must identify who was responsible for the denial of mental health treatment.[9] He also must briefly describe what each defendant did, or failed to do, to treat his mental health needs. The current Complaint does not do this. Accordingly, Count 9 shall be

---

[9] Plaintiff is not required to name the defendant(s) who are responsible for denying him mental health care with particularly at this early stage. If he does not know the name(s), Plaintiff may simply refer to each defendant in generic terms (e.g., "Jane/John Doe") in the case caption and in his statement of claim. The Court will then assist him in identifying these individuals through discovery. The Court reminds Plaintiff that generic groups of defendants (e.g., "Mental Health Staff") are insufficient.

dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 10**

This claim must be dismissed. The Eighth Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care to prisoners. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer*, 511 U.S. at 834; *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and refused to act to prevent that harm. *Farmer,* 511 U.S. at 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Mere negligence—even gross negligence—does not violate the Constitution. *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

While the systematic malnourishment of a prisoner could constitute cruel and unusual punishment, a lone missed meal does not. *Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973 at *8 (N.D. Ill. May 14, 2003); *see Morris v. Kingston*, 368 F. App'x 686, 689 (7th Cir. 2010) (upholding a grant of summary judgment where prisoner could not show that missing meals during a 17-day period caused him any harm or lasting detriment); *Freeman v. Berge*, 441 F.3d 543, 545 (7th Cir. 2006) (finding no cruel and unusual punishment where prisoner was only fed once a day for two weeks because he refused to keep his cell clean).

As Plaintiff has only alleged that he missed one meal on a single occasion, Count 10 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 11**

Plaintiff claims that that John/Jane Doe 5 (Unknown counselor of Pinckneyville CC of 6-House) did not respond to one of his grievances. This claim is a non-starter: the Seventh Circuit

has rejected any free-standing due process claim concerning a prison's grievance process. *See, e.g., Courtney v. Devore,* 595 F. App'x. 618, 620–21 (7th Cir. 2014) (noting that "state grievance procedures do not create substantive liberty interests protected by due process," and the "mishandling" of those grievances states no claim); *Owens v. Hinsley,* 635 F.3d 950, 953–54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause....").

Therefore Count 11 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### PENDING MOTIONS

Plaintiff's Motion for Recruitment of Counsel is denied at this time. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as

the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

As to the first question, Plaintiff did not provide any information. Accordingly, the Court cannot determine if he has made a reasonable effort to obtain counsel on his own. As to the second question, Plaintiff indicates that he has little legal knowledge and that the inmate who was assisting him is at a different prison. Further, according to the Complaint, Plaintiff suffers from schizophrenia. Despite these issues, the Complaint and exhibits attached thereto, as well as pleadings filed after Plaintiff was transferred to Dixon, suggest that Plaintiff has an ability to construct coherent sentences and organize his claims into a cohesive pleading. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff associate specific claims with specific defendants and/or to provide additional information (if there is any) that might support his deliberate indifference claim. No legal training or expert knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time and the motion is **DENIED**. The Court will remain open to the appointment of counsel in the future.

**DISPOSITION**

**Dismissal of Certain Defendants**

IT IS HEREBY ORDERED that **IDOC, GRAHAM CC, PINCKNEYVILLE CC, JOHN/JANE DOE 3 (Unknown Mental Health Staff, Graham CC)**, **and JOHN/JANE DOE 4 (Mental Health Staff, Pinckneyville CC)** are **DISMISSED** from this action with prejudice.

IT IS FURTHER ORDERED that **WARDEN (Graham, CC), WARDEN (Pinckneyville, CC), BELLEGANTE,** and **JOHN/JANE DOE 2 (Unknown Mental Health Psych, Graham CC)** are **DISMISSED** from this action without prejudice.

**Severance**

**IT IS HEREBY ORDERED** that Plaintiff's claims relating to Graham Correctional Center in **COUNTS 1-8**, which are unrelated to the claims in Counts 9-11, are **SEVERED** into a new case. That new case shall be: Claims against **DEFENDANTS JOHN/JANE DOE 1 (Unknown Clothing Officer, Graham CC), BUSBY, MILLER, SAME, BADMAN, GIBSON, WRIGHT, UNKNOWN PARTY, and PICHEREL**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1)    This Memorandum and Order;
    (2)    The Complaint and Exhibits (Doc. 1 and Doc. 1-1);
    (3)    Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 10);
    (4)    Plaintiff's Trust Fund Account Statement (Doc. 13); and
    (5)    Plaintiff's Motion for Recruitment of Counsel. (Doc. 11).

Plaintiff **will be responsible for an additional $350.00 filing fee** in the new case.

**IT IS FURTHER ORDERED** that the <u>**only claims remaining in this action, are COUNTS 9-11**</u>.

**Merits Review Counts 9-11**

For the reasons set forth above, **COUNTS 10** and **11** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. As these are the only Counts directed against **MENENDEZ** and **JOHN/JANE DOE 5** (Unknown Counselor of Pinckneyville CC of 6-House) they are **DISMISSED** from the Complaint with prejudice and the clerk of the Court is **DIRECTED** to terminate them as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 9** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, with respect to **COUNT 9,** Plaintiff is granted leave to file a First Amended Complaint. If Plaintiff wishes to proceed with these claims, he shall file

his First Amended Complaint within 28 days of the entry of this order (on or before **March 8, 2018**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-1133-NJR. In the amended complaint, Plaintiff shall specify, by name,[10] each Defendant that allegedly exhibited deliberate indifference to Plaintiff's mental health needs, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiffs' claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint in accordance with the instructions set forth in this Order, this case shall be subject to dismissal with prejudice for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b). Plaintiff may also incur a "strike" within the meaning of § 1915(g) if his complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. No service shall be ordered on any Defendant until after the Court

---

[10] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail him a blank civil rights complaint form.

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P 41(b).

**IT IS SO ORDERED.**

**DATED:  February 8, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**