# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FABIAN GREYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-3070 |
| | ) | |
| JOHN/JANE DOE 1, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff, who proceeds pro se from his incarceration in Dixon Correctional Center, filed a complaint in the Southern District of Illinois in February 2018. Judge Rosenstengel conducted a merit review, identifying eight counts arising from incidents during Plaintiff's incarceration in Graham Correctional Center, which is in the Central District of Illinois. (d/e 1.) Those eight counts were then severed from Plaintiff's original action and transferred to this District.

The eight counts are before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to

identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Counts 1-4 regard separate incidents of alleged harassment in Graham Correctional Center by different officers, including refusing to give Plaintiff a jacket on one day in May 2016, refusing to allow Plaintiff to fill an empty tortilla bag with ice on one day in August 2016, and writing Plaintiff disciplinary tickets on separate days in November and December 2016.  Count 8 involves allegations that, on one day in March 2017, a Lieutenant joked that Plaintiff's suicide smock looked like a dress.

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The Court cannot discern a federal claim from these counts. No plausible inference arises that these separate, isolated incidents amounted to deprivations objectively serious enough to amount to cruel and unusual punishment under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981)("Conditions of confinement count as cruel and unusual punishment only when they deny an inmate the minimal civilized measure of life's necessities."); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the law."); Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015)(defining simple verbal harassment as "'fleeting,' too limited to have an impact."). That Plaintiff was written disciplinary reports does not, alone, suggest any constitutional violation. Plaintiff's allegations that these separate incidents all took place to retaliate against Plaintiff for unidentified grievances is too vague and conclusory to state a First Amendment retaliation claim. *See* Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009)(allegations of "vast, encompassing conspiracy" not enough to state claim).

Count 6 alleges excessive force by Defendants Wright, Badman, and Gibson, in an incident on March 3, 2017. This incident allegedly involved dragging Plaintiff backwards while in cuffs and telling Plaintiff to "cuff up nigga." These allegations state plausible Eighth Amendment claims for excessive force and failure to intervene. Plaintiff also states a plausible equal protection claim that these actions occurred because of Plaintiff's race. While racial slurs alone are not actionable, they can be evidence that actions were motivated by racial animus.

Count 5 regards allegations of deliberate indifference to Plaintiff's serious mental health needs. Plaintiff alleges that he is a paranoid schizophrenic and was denied his psychiatric medication twice in 2016. He also alleges that he was not allowed in his housing unit because he was hearing voices. Plaintiff does not identify any individuals responsible for these actions.

Plaintiff may be able to state a claim for deliberate indifference to his serious mental health needs during his incarceration at Graham, but the present allegations do not do so. Plaintiff does not explain why not being permitted in a place where he was hearing voices was contrary to his mental health needs. Additionally,

missing two doses of medicine over the course of an entire year does not allow an inference that anyone was reckless or deliberately indifferent.  Negligence does not violate the Constitution.  <u>Zentmyer v. Kendall County</u>, 220 F.3d 805 (7th Cir. 2000)("[D]eliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough to meet it here.").  If Plaintiff files an amended complaint that provides enough factual detail to state a claim for deliberate indifference to his serious mental health needs, then that claim will be severed into a new case and Plaintiff will be assessed another filing fee.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states Eighth Amendment claims for excessive force and failure to intervene regarding an incident on March 3, 2017.  Plaintiff also states a Fourteenth Amendment claim that the excessive force and failure to intervene occurred because of Plaintiff's race.  This case proceeds solely on the claims identified in this paragraph against Defendants Wright, Badman, and Gibson.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a

party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) All claims and Defendants not identified in paragraph (1) above are dismissed without prejudice.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)     Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff

has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S.

Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**12) The clerk is directed to terminate Defendants John/Jane Doe 1, C/O Busby, L.Miller, Lt. Same, Unknown Party, and Lt. Picherel.**

13) **The clerk is directed to attempt service on Defendants Wright, Gibson, and Badman pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 16, 2018

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
